UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOUREY NEWELL**, *individually and on behalf of all persons and entities similarly situated,*

Plaintiff,

v.

**LENDVIA LLC**

Defendant.

CASE NO. 2:25-cv-01018-GJP

Electronically filed

### DEFENDANT LENDVIA LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant LendVia LLC ("LendVia"), by and through its undersigned counsel, hereby moves this Honorable Court for an order dismissing Count III of the Complaint (the "Complaint" or "Compl.") filed by Plaintiff Jourey Newell ("Plaintiff") for the following reasons:

**I.     INTRODUCTION**

Plaintiff's Complaint falls short of stating a plausible claim under the Internal Do Not Call ("DNC") provision of the Telephone Consumer Protection Act ("TCPA") because he has failed to plausibly allege facts demonstrating that LendVia made "telemarketing" calls without implementing the requisite safeguards as dictated by 47 C.F.R. 64.1200(d). As such, this Court should order that Count III of Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.    PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff alleges LendVia made "at least nineteen" unsolicited calls that utilized prerecorded messages to his residential phone number listed on the National DNC Registry. Complaint ("Compl.") ¶¶ 28-38. Plaintiff alleges that he requested to be placed on LendVia's internal DNC list on February 13, 2025, and the request was "personally acknowledged by Kevin Parsons." *Id*. at ¶ 41. Plaintiff further alleges that, despite requesting to be placed on LendVia's internal DNC list, he

received three calls from LendVia on February 19, 21, and 24, 2025. *Id*. at ¶¶ 41-44. Plaintiff alleges that LendVia "had the ability to immediately honor Plaintiff's do not call requests." *Id*. at ¶¶ 47.

### III.  LEGAL STANDARD

A complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Rule 8(a)'s relatively low notice-pleading muster" does not require detailed factual allegations, but it does demand that a plaintiff provide more than mere labels and conclusory statements that the plaintiff is entitled to relief. *Smith v. Clark/Smoot/Russell, AJV*, 796 F.3d 424, 433 (4th Cir. 2015); *see also Twombly*, 550 U.S. at 555. "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) ... [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Monroe v. City of Charlotesville [sic]*, Va., 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

"When deciding a motion to dismiss under Rule 12(b)(6), a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Sprye v. Ace Motor Acceptance Corp.*, 2017 U.S. Dist. LEXIS 67840, at *2 (D. Md. May 3, 2017) (alteration in original) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). However, plaintiffs may not rely on conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA "will not do." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**IV.     ARGUMENT— THE COURT SHOULD DISMISS COUNT III OF PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF DOES NOT PLAUSIBLY ALLEGE THAT LENDVIA DOES NOT FOLLOW THE REQUISITE SAFEGUARDS PRESCRIBED BY 47 C.F.R. 64.1200(d).**

Section 64.1200(d)(3) "requires the institution of certain procedures prior to the initiation of telemarketing calls." *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016) (citation omitted), aff'd, 686 F. App'x 48 (2d Cir. 2017). To plausibly allege a violation of Section 64.1200(d)(3), the plaintiff must furnish sufficient factual allegations that plausibly suggest the defendant lacks the requisite safeguards mandated by the regulation. *Id*. ("[I]n order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider failed to record or honor an individual's request to be placed on a DNC list. Rather, the plaintiff must establish that the calls he or she received were initiated prior to the implementation of proper procedures."); *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2023 WL 5941730, at *4 (E.D. Mich. Sept. 12, 2023) (dismissing a TCPA internal DNC claim where the plaintiff failed to allege anything more than that he was called after making a do not call request); *Nece v. Quicken Loans, Inc.*, No. 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at *8 (M.D. Fla. Mar. 15, 2018) ("An isolated failure to timely record a do-not-call request establishes no genuine dispute whether Quicken called Nece before instituting a sufficient do-not-call policy."); *Buja v. Novation Capital, LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *4 (S.D. Fla. Mar. 31, 2017) ("[I]n order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider failed to record or honor an individual's request to be placed on a DNC list. Rather, the plaintiff must establish that the calls he or she received were

initiated prior to the implementation of proper procedures.").

Here, Plaintiff's allegations fall well short of that standard. Plaintiff alleges only that he requested placement on LendVia's internal DNC list on February 13, 2025, and subsequently received three calls on February 19, 21, and 24, 2025—just six to eleven days later. *See* Compl. ¶¶ 41-44. Plaintiff offers no facts suggesting that LendVia failed to implement the procedures required by § 64.1200(d). Instead, Plaintiff simply asserts that LendVia could have "immediately" honored his request. *Id.* at ¶ 47. However, § 64.1200(d)(3) expressly allows up to 30 days to process internal DNC requests. Because the alleged calls occurred well within that permissible 30-day window, these facts do not plausibly support an inference that LendVia lacked the requisite DNC safeguards.

In order to have a claim under 47 C.F.R. § 64.1200(d)(3), Plaintiff must plausibly allege that LendVia lacks proper safeguards and procedures mandated by the provision. An isolated delay, particularly one that falls within the permissible 30-day window provided by the regulation, does not suggest otherwise. *Simmons*, 222 F. Supp. 3d at 139; *Nece,* 2018 WL 1326885 at *8; *Buja*, 2017 WL 10398957 at *4. Plaintiff has failed to allege factual allegations demonstrating of a pattern or practice of non-compliance by LendVia. Instead, Plaintiff's claim rests on the receipt of three calls within eleven days of making a DNC request. Compl. at ¶ 41-44. This simply does not meet the threshold for stating a plausible claim under section 64.1200(d). Without additional facts to show a pattern of non-compliance, Plaintiff's claim is legally insufficient.

Since Plaintiff has not alleged any facts showing that LendVia's telemarketing efforts were undertaken without established DNC policies and procedures, Count III of his Complaint must be dismissed.

171060397.1

V.  **CONCLUSION**

For the foregoing reasons, LendVia respectfully requests the Court dismiss Count III of Plaintiff's Complaint.

Dated: April 23, 2025

Respectfully submitted,

*/s/Corey M. Scher*

Corey M. Scher, Esquire (Pa Bar # 326838)
Fox Rothschild LLP
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Tel./Fax: (215) 299-2000/2150
cscher@foxrothschild.com

-and-

Jenniffer Cabrera (*pro hac vice pending*)
Troutman Amin LLP
1825 NW Corporate Blvd - Suite 100
Boca Raton, Florida 33431
Tel.: 561-834-0883
jenniffer@troutmanamin.com

171060397.1