Corey M. Scher, Esquire (Pa Bar # 326838)
Fox Rothschild LLP
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Tel./Fax: (215) 299-2000/2150
cscher@foxrothschild.com

-and-

Jenniffer Cabrera (*pro hac vice pending*)
Troutman Amin LLP
1825 NW Corporate Blvd - Suite 100
Boca Raton, Florida 33431
Tel.: 561-834-0883
jenniffer@troutmanamin.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL**, *individually and on behalf of all persons and entities similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> **LENDVIA LLC** <br><br> Defendant. _____/ | <br><br><br><br><br><br> CASE NO. 2:25-cv-01018-GJP <br><br> Electronically filed |

## DEFENDANT LENDVIA LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY

171091666.1

i

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. LEGAL STANDARD ........................................................................................... 2

III. ARGUMENT ......................................................................................................... 2

    A.    The Court Should Stay Discovery until Resolution of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case Without Additional Discovery. ..................................................................................................................... 2

    B.    A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden the Parties and the Court. .... 6

IV. CONCLUSION ..................................................................................................... 9

Defendant LendVia LLC ("LendVia"), by and through its undersigned counsel, hereby moves this Honorable Court to stay discovery pending the outcome of LendVia's Motion to Dismiss Count III (ECF # 8), Motion to Strike Class Allegations (ECF # 10), and Motion to Compel Arbitration (ECF # 11) (collectively the "Pending Motions").

I.     **INTRODUCTION**

Where, as here, Plaintiff Jourey Newell's ("Plaintiff") Complaint is certainly destined to be dismissed, a Court has discretion—and should exercise that discretion—to stay discovery in this case.

In his Complaint, Plaintiff alleges LendVia violated the Telephone Consumer Protection Act's ("TCPA") prerecorded call, National Do Not Call ("DNC") Registry, and Internal DNC List provisions. However, at the outset, this Court need not address the merits of Plaintiff's claims because this action does not belong before this Court, but rather, must be resolved in binding arbitration before the American Arbitration Association ("AAA"). Nevertheless, Plaintiff has failed to provide any facts necessary to show a violation of the TCPA. Lastly, Plaintiff's proposed classes are facially uncertifiable and should be struck as a matter of law. As such, discovery in this case should be stayed until Plaintiff is able to state a claim for relief before this Court and propose certifiable class definitions.

Good cause exits to stay discovery in this case. First, Plaintiff will suffer no harm or prejudice from a stay pending the outcome of LendVia's Pending Motions. On the other hand, LendVia would face a significant burden and incur great costs in responding to discovery that may very well prove moot or unnecessary pending the Court's rulings on the Pending Motions. Indeed, the Pending Motions will dispose of or substantially narrow the scope of claims in this action.

Second, Plaintiff has no urgent need for discovery as this case is at a nascent stage where no answer has been filed, and no discovery has been served or exchanged.

To protect LendVia from the significant burden and expense of discovery in a potentially moot action, LendVia respectfully requests the Court to stay all discovery in this action, including pretrial deadlines, pending the disposition of LendVia Pending Motions.

## II.   LEGAL STANDARD

"District courts retain broad discretion to manage the docket and resolve discovery disputes." *Elfar v. Twp. of Holmdel*, No. 24-cv-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025). Federal Rule of Civil Procedure 26(c) provides that the court may stay discovery only on a showing of "good cause" by the party requesting the stay. Fed. R. Civ. P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"); *see also Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted).

The Supreme Court has clarified that deciding whether to stay proceedings requires weighing competing interests and balancing of hardships with respect to the movant and non-movant. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); s*ee also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983) (balancing the potential hardship with respect to both parties).

## III.   ARGUMENT

### A.   The Court Should Stay Discovery until Resolution of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case Without Additional Discovery.

Although the mere pendency of a motion does not justify a stay, a stay may be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of

2

discovery outweighs the likely harm to be produced by the delay." *N. Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC,* No. Civ.A.08–288, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011) (quotations omitted); *see also Weisman v. Mediq, Inc.*, No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (noting that where there is a pending motion to dismiss that "may result in a narrowing or outright elimination of discovery[,] the balance [of competing interests] generally favors granting a motion to stay"). The Third Circuit has upheld district court decisions to stay discovery pending the outcome of such motions. *See, e.g., Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile). Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay. *Weisman*, 1995 WL 273678, at *2 (quoting *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984)).

This court has frequently exercised its discretion to stay discovery pending the resolution of a potentially dispositive motion. *See, e.g., Pfizer Inc. v. Johnson & Johnson*, No. 17-CV-4180, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018) ("[T]he Motion does have the potential to dispose of the entire case and eliminate the need for discovery. In such a case, the balance will generally lean in favor of staying discovery.") (quoting *Weisman*, 1995 WL 273678, at *2); *see also Jackson v. N. Telecom, Inc.*, No. CIV. A. 90-0201, 1990 WL 39311, at *1 (E.D. Pa. Mar. 30, 1990) (staying discovery until resolution of defendants' motion to dismiss); *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. CIV.A. 09-4672, 2012 WL 11948492, at *1 (E.D. Pa. July 11, 2012) (same).

3


Indeed, courts across circuits have held that a pending dispositive motion constitutes "good cause" to stay discovery. *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion; it "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery."); *Dillinger, L.L.C. v. Elec. Arts, Inc.,* No. 1:09-cv-01236-SEB-JM, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010) (granting stay of discovery pending resolution of the defendant's motion to dismiss); *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery.").

Here, LendVia has filed the Pending Motions, all of which have the potential to dispose of or substantially narrow the scope of the case.

First, LendVia has filed a motion to compel Plaintiff to arbitration because Plaintiff's claims must be resolved in binding arbitration before the AAA. By accepting the terms presented at https://upfinances.com/apply, Plaintiff agreed to arbitrate, on an individual basis, any disputes or claims arising out of or relating to his use of the website (the "Website"). The arbitration agreement expressly encompasses the claims asserted in this action. As such, the AAA is the only appropriate forum with jurisdiction over Plaintiff's claims.

Second, LendVia has filed a motion to dismiss Count III of the Complaint under Rule 12(b)(6), on the grounds that the Complaint fails to state a claim under the TCPA's internal do not call provision. Plaintiff's Complaint must be dismissed because Plaintiff has failed to allege that LendVia did not have requisite 47 C.F.R. § 64.1200(d) policies and procedures prior to making any telemarketing calls.

Third, LendVia has filed a motion to strike class allegations that may dispose of all claims by the putative class members against it. All three class definitions are overly broad and, consequently, the putative class members lack basic Rule 23 commonality. The "Robocall" Class is overly broad because it includes individuals who: 1) received third-party calls for which LendVia is not vicariously liable, and 2) lack standing due to consent to prerecorded calls. The National Do Not Call Class is overly broad because it includes individuals who: 1) did not personally register their numbers on the National Do Not Call Registry, 2) received third-party calls for which LendVia is not vicariously liable, 3) consented to calls from LendVia, and 4) have an established business relationship with LendVia. The Internal Do Not Call Class is overly broad because it includes individuals who: 1) received third-party calls for which LendVia is not vicariously liable, and 2) renewed consent after initially requesting calls to stop. As such, all three proposed classes must be stricken as a matter of law.

Further, the National Do Not Call Class and the Internal Do Not Call Class definitions hinge upon an impermissible merits-based determination of whether a "telephone solicitation" or "telemarketing" occurred, respectively, rendering both classes, as presently defined, facially uncertifiable.

Lastly, the Robocall Class definition is unduly vague as it uses the phrase "same, or substantially similar", as a result of which it is unclear whether class members include those who

171091666.1

received *only* the same message, on the one hand, or *only* a substantially similar message, on the other. Since the definition lacks the word "and," it must be one or the other, not both. Yet, there is no way to determine which it is. Further, the definition simply lacks requisite clarity for the court to accurately determine who is a member of the proposed class because the phrase "substantially similar" is meaningless and turns on subjective criteria. In sum, the proposed classes are facially uncertifiable in a manner that discovery cannot resolve, and Plaintiff's class allegations must be stricken as a matter of law. As such, resolution of this motion may entirely dispose of all putative class members' claims.

Where, as here, LendVia's Pending Motions are plainly meritorious and may dispose of or substantially narrow Plaintiff's claims, there is sufficient good cause to stay discovery pending resolution of the Pending Motions. *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) ("[A] stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.") (quoting *Weisman*, 1995 WL 273678, at *2); *see also Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) ("[T]he possibility that a single claim will survive does not preclude granting a motion for a stay.").

> **B.     A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden the Parties and the Court.**

Good cause exists for granting the instant motion to stay discovery because the Pending Motions are potentially dispositive of the entire case by Plaintiff or the putative class members and can be decided absent additional discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to

challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *see also Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ("[C]ourts may— and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained."). Further, granting the instant motion will not prejudice Plaintiff or disrupt the Court's schedule because the parties have not held a Rule 26(f) conference, no discovery has been served and no scheduling order is in place. *See CVS Caremark Corp.*, 2012 WL 11948492, at *1 ("Plaintiff will suffer no clear prejudice from a temporary delay in discovery while the Court, in the ordinary course of business, disposes of the Motion to Dismiss.").

Under these circumstances, this Court should not require LendVia to participate in discovery concerning the substance of Plaintiff's Complaint pending its decisions on the Pending Motions. This is particularly true in a putative class action as the burden on a class action defendant in responding to discovery is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every call a defendant made during the class period. Therefore, before forcing the parties to undergo the expense of discovery, it must first be determined which, if any, of Plaintiff's claims are properly before this court. *See Rutman Wine Co*, 829 F.2d 729, 738 (stating "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility") (citations omitted); *Weisman*, 1995 WL 273678, at *2

(E.D. Pa. May 3, 1995) ("By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur.")

Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when ruling on any of LendVia's Pending Motions could render those efforts a nullity. Where there is good cause, holding discovery in abeyance until such time as a ruling on the dispositive motion becomes final does not *unreasonably* delay the litigation. *See Dicenzo v. Mass. Dep't of Corr.*, Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) ("relatively brief delay" until the disposition of dispositive motions is reasonable) (citing *Landis*, 299 U.S. at 254).

Courts have found that a stay is appropriate in similar circumstances, given the case's complex procedural posture and for the sake of efficiency. *See e.g., Jackson*, 1990 WL 39311, at *1 (granting defendants' motion to stay discovery until defendants' motion to dismiss is ruled upon "in the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery"); *Pfizer Inc*, 2018 WL 1071932, at *2 ("[D]iscovery will be a large and costly undertaking in this case. We therefore find that this factor weighs in favor of granting the stay.").

LendVia's request for a stay of discovery is reasonable and appropriate under the circumstances and granting this request will not cause any prejudice to Plaintiffs.

**IV.     CONCLUSION**

For the foregoing reasons, LendVia respectfully requests that the Court stay discovery until the Court rules on LendVia's Motion to Compel Arbitration, Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and Motion to Strike Class Allegations.

Dated: April 23, 2025

Respectfully submitted,

*/s/Corey M. Scher*
Corey M. Scher, Esquire (Pa Bar # 326838)
Fox Rothschild LLP
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Tel./Fax: (215) 299-2000/2150
cscher@foxrothschild.com

-and-

Jenniffer Cabrera (*pro hac vice pending*)
Troutman Amin LLP
1825 NW Corporate Blvd - Suite 100
Boca Raton, Florida 33431
Tel.: 561-834-0883
jenniffer@troutmanamin.com

*Attorneys for Defendant LendVia LLC*