UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOUREY NEWELL**, *individually and on behalf of all persons and entities similarly situated,*

                Plaintiff,

v.

**LENDVIA LLC**

                Defendant.

                                          /

CASE NO. 2:25-cv-01018-GJP

**DEFENDANT LENDVIA LLC'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY**

Defendant LendVia LLC ("LendVia"), by and through its undersigned counsel, respectfully moves this Court for entry of an Order phasing discovery in this matter pursuant to Federal Rule of Civil Procedure 42(b). As set forth below, in order to effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff Jourey Newell's ("Plaintiff") individual claims, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claims, (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed, and (3) if a class is ultimately certified, merits discovery for the class.

**I.    INTRODUCTION**

LendVia respectfully proposes a phased approach to discovery in light of the unique circumstances of this lawsuit. In the initial phase, discovery will be narrowly tailored to determine whether Plaintiff possesses a valid individual claim against LendVia. If warranted, the second phase would address broader issues of commonality to evaluate the potential for class certification. A third and final phase—only if necessary—would allow for the exploration of the individual merits of each certified class member's claims. This structured approach ensures efficiency, focus, and fairness in the discovery process.

Good cause supports phasing discovery in this manner as it allows the Court to address the

1

merits of Plaintiff's individual claims at the outset, potentially avoiding the unnecessary burden of class discovery if those claims are meritless. This approach is particularly critical in Telephone Consumer Protection Act ("TCPA") cases, where plaintiffs frequently—improperly and unnecessarily—demand vast amounts of private consumer data for individuals who are not class members at the precertification stage. Such expansive discovery imposes significant costs on TCPA defendants and creates a tangible risk to consumer privacy, exposing private information without notice or justification. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

The need for phased discovery is especially compelling here, as Plaintiff's Complaint fails to provide sufficient factual allegations to plausibly state a claim under 47 C.F.R. § 64.1200(d) and proposes fundamentally flawed class definitions that cannot be certified. There is substantial reason to believe this case will not progress beyond the first phase, as Plaintiff is unlikely to state and prove a meritorious claim against LendVia. Proceeding directly to broad class merits discovery would not only impose undue burdens but also jeopardize the privacy of potentially thousands of consumers who have neither asserted claims against LendVia nor received illegal calls. Such unwarranted intrusions are both unnecessary and avoidable with a phased approach.

Additionally, due process mandates that LendVia be afforded the opportunity to conduct discovery tailored to the actual claims asserted by members of any final certified class. The Federal Rules of Civil Procedure governing class certification underscore the importance of resolving certification issues as early as practicable to uphold due process principles. *See* Fed. R. Civ. P. 23. Phased discovery ensures compliance with these rules, protects consumer privacy, and avoids imposing unnecessary costs and burdens until the viability of Plaintiff's claims is established.

171091825.1

Accordingly, LendVia submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claims prove meritless and expedite the decision on class certification in accord with Federal Rule of Civil Procedure 23.

## II. **LEGAL STANDARD**

Motions to bifurcate are governed by Federal Rule of Civil Procedure 42, which provides, in relevant part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 184 (M.D. Pa. 2019) (quoting Fed. R. Civ. P. 42(b)); *see also, Loreaux v. ACB Receivables Mgmt., Inc.*, No. 14-cv-710, 2015 WL 5032052, at *3 (D.N.J. Aug. 25, 2015) (discussing the bifurcation of discovery under Rule 42(b)).

"The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis." *Hartley-Culp v. Credit Mgmt. Co.*, No. 14-282, 2014 WL 4630852, at *3 (citing *Idzojtic v. Pa. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972)). In exercising its discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.,* 750 F.2d 19, 22 (3d Cir.1984).

"Bifurcation "remains the exception rather than the rule." *Innovative Office Prods., Inc. v. Spaceco, Inc.*, No. 05-4037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006). "Courts ... do not routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate." *Cephalon, Inc. v. Sun Pharm., Ltd.*, No. 11-5474, 2013 WL 3417416, at *3 (D.N.J. July 8, 2013). The moving party bears the burden of establishing that bifurcation is appropriate. *See Innovative Office Prods., Inc. v. Spaceco, Inc.,* Civ. No. 05–cv–4037, 2006 WL 1340865, *1 (E.D. Pa. May 15, 2006).

171091825.1

"The Third Circuit has not set a bright line test as to when a court should bifurcate discovery in class action litigation. Generally, however, courts allow classwide discovery on the certification issue and postpone classwide discovery on the merits of the claims when bifurcation serves the interests of "fairness and efficiency."" *In re Plastics Additives Antitrust Litig.*, No. CIV.A. 03-2038, 2004 WL 2743591, at *2 (E.D. Pa. Nov. 29, 2004); *see also Washington v. Brown & Williamson Tobacco,* 959 F.2d 1566, 1570–1571 (11th Cir.1992) ("[t]o make early class determination practicable and to best serve the interests of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits").

### III.    ARGUMENT

####    A.    Phasing Individual Merits Discovery Will Serve the Interests of Judicial Economy Because If Plaintiff's Claims Fail, Then Far More Resource-Intensive Discovery On The Merits Of The Proposed Class Claims Can Be Avoided.

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.,* No. CIV.A. 12-2132 FLW, 2014 WL 413534, *6 (D.N.J. Feb. 4, 2014) ("[T]he Court finds that bifurcating discovery into two phases will promote the efficient resolution of this matter. It will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with no significant prejudice to Plaintiff."); *Drennan v. Md. Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) ("[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case"); *Karpenski v. Am. Gen. Life Companies, LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (granting motion to bifurcate where resolution of claim will be "dispositive of the entire case").

Moreover, if the initial phase of discovery demonstrates that the named plaintiff's claims fail or that the plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019), for example, the court bifurcated individual merits and class discovery because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Id*. at *6. "Further, class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims..." *Id.*; *see also Gottlieb v. Amica Mut. Ins. Co.*, No. CV 20-10509-DJC, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021) (granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG (RNBX), 2009 WL10674767 at *1 (C.D. Cal. Nov. 2, 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (bifurcating discovery "where some limited, first-stage production could shave off substantial wasted efforts" on purported class claims and "perhaps. . . entirely forego class-wide discovery, saving resources and expense on all sides").

Additionally, the court in *Kemen v. Cincinnati Bell Telephone Company LLC* found that bifurcation of discovery was appropriate due to the need to resolve key threshold issues before delving into broader, more extensive class-based discovery. *Kemen v. Cincinnati Bell Telephone Company LLC*, No. 1:22-CV-152, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024). The court reasoned that bifurcation was warranted because it could potentially eliminate the need for costly and resource-intensive class discovery. *Id*. By addressing foundational questions such as the plaintiff's

5

standing and the existence of the defendant's internal Do-Not-Call policies, the court sought to promote judicial economy and avoid unnecessary burdens on the parties. *Id*. This strategic phasing of discovery was deemed to facilitate a more efficient and focused resolution of the case. *Id*.

LendVia will be prejudiced should the Court deny this Motion and allow class-wide discovery to occur prior to, or simultaneously with, discovery into Plaintiffs' individual claims, as LendVia would be forced to engage in unnecessary discovery that will likely turn out to be a waste of time, money, and resources when Plaintiffs' claims are inevitably dismissed as meritless. *See Katz*, 2019 WL 957129 at *1 (acknowledging that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching" summary judgment or trial) (internal citations omitted). Plaintiffs will have succeeded in engaging LendVia and this Court in burdensome class discovery when their underlying individual allegations are without merit. Phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed as a class action.

Also, as set forth more fully in LendVia's Motion to Strike, Plaintiff's proposed classes are facially uncertifiable. Each of the three proposed class definitions is fatally flawed: they are overly broad, encompassing individuals who consented to receive calls, had established business relationships with LendVia, did not personally register on the National Do Not Call Registry, or received calls from third parties for whom LendVia bears no vicarious liability. The classes further lack commonality, depend on impermissible merits-based criteria, and, in the case of the "Robocall" Class, are impermissibly vague due to subjective terms like "substantially similar." As such, the resolution of Plaintiff's Motion to Strike may dispose of or substantially narrow Plaintiff's or the putative class members' claims. Commencing class discovery before these facially uncertifiable classes are narrowed (or even eliminated) would be an altogether unproductive and pointless exercise. LendVia therefore requests that discovery be phased, and the merits of Plaintiffs' individual

6

171091825.1

claims be resolved first before engaging the parties and this Court in unnecessary class discovery.

**B.      If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Would Permit the Court to Determine the Propriety of Class Certification Early.**

In the unlikely event that Plaintiff's individual claims proceed, LendVia respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery only occurs if a class is certified (which it cannot be in this case). Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, LLC*, No. 17-0266, 2017 U.S. Dist. LEXIS 213982, at *2 (N.D. Okla. Aug. 14, 2017). *See Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 111 (D.S.C. 2009) (granting motion to bifurcate discovery "and limiting the first phase of discovery to issues relevant to class certification, and if the court certifies the class, then permitting discovery on the merits in the second phase of discovery"); *Nazario v. Sharinn & Lipshie, P.C.*, No. 19-4604, 2020 U.S. Dist. LEXIS 5950, at *3 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency").

In deciding whether to stay class merits discovery until after certification discovery has been completed, "the court considers (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021).

Here, if discovery is bifurcated in this manner, the Court will undoubtedly be in a superior position to make an early determination on the propriety of class certification as required by Federal Rule of Civil Procedure Rule 23. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d

1566, 1570–71 (11th Cir. 1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make early class determination practicable"). Additionally, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [. . .] would frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris v. comScore, Inc.*, 2012 U.S. Dist. LEXIS 27665, 2012 WL 686709, at *9 (N.D. Ill. March 2, 2012) (internal quotations omitted). Similarly, economy favors bifurcation of certification and merits discovery, "as the limited statutory damages available to Plaintiffs are likely an insufficient motivation to litigate in the absence of class certification." *Id*. Thus, should the Court deny class certification, Plaintiff would have little incentive to continue the pending litigation. Finally, class certification and class merits discovery can be severed from one another without posing an undue burden on the parties or this Court.

To be absolutely clear, certification discovery would include all evidence necessary for Plaintiff to prove the requirements of Rule 23 can be shown. But, it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff could inquire regarding LendVia's do not call practices and policies. However, he would not be permitted to obtain a list of all individuals who may have requested that calls cease. Similarly, he might inquire regarding the numbers the calls came from, but she would not be permitted to obtain the confidential names and phone numbers of class members pre-certification. This is so because, prior to certification, these individuals are not yet parties to the case. Only if the case is certified—and all parties know exactly what the contours of the final class definition might be—the confidential records of individual class members might be safely identified, produced and analyzed ahead of trial.

Accordingly, good cause exists to phase class certification versus class merits discovery (if the class is certified), as doing so will compel Plaintiff to swiftly seek certification as Rule 23 contemplates, and limit discovery to issues pertinent to the certification effort—reserving class merits

discovery until and only if a class is certified.

## IV.     CONCLUSION

For the foregoing reasons, LendVia respectfully requests respectfully requests the Court enter an order phasing discovery in this matter.

Dated: April 23, 2025

Respectfully submitted,

*/s/Corey M. Scher*
Corey M. Scher, Esquire (Pa Bar # 326838)
Fox Rothschild LLP
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Tel./Fax: (215) 299-2000/2150
cscher@foxrothschild.com

-and-

Jenniffer Cabrera (*pro hac vice pending*)
Troutman Amin LLP
1825 NW Corporate Blvd - Suite 100
Boca Raton, Florida 33431
Tel.: 561-834-0883
jenniffer@troutmanamin.com

*Attorneys for Defendant LendVia LLC*

171091825.1