## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**JOUREY NEWELL**                              **Case No. 2:25-cv-01018-GJP**

      Plaintiff,

v.

**LENDVIA LLC,**

      Defendant.

_____/

## PLAINTIFF'S OPPOSITION TO THE
## DEFENDANT'S MOTION TO DISMISS

1

I.      Introduction

The Court should deny Defendant LendVia LLC's ("LendVia" or "Defendant") partial motion to dismiss the third count of the Plaintiff's Complaint (ECF No. 8), for violations of the TCPA's internal do not call list restrictions for the simple fact that LendVia's employee was asked to place the Plaintiff on LendVia's internal do not call list, confirmed that he was placing the Plaintiff's number on the same, but did not.

II.     Background

This case involves highly-illegal prerecorded telemarketing calls made in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (hereinafter referred to as the "TCPA") by the Defendant LendVia LLC to market its financial services offerings, including, at issue here, the Defendant's failure to place the Plaintiff's number on its internal do not call list, which unquestionably constitutes a violation of applicable regulation, 47 C.F.R. § 64.1200(d)(3). Defendant argues that the regulation, however, only prohibits failing to have "policies and procedures" in place for such a list, and that the Plaintiff has inadequately alleged the same. This response follows

III.    Legal Standard

Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the Rules demand only a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up). The

requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Connelly*, 809 F.3d at 786–87. After identifying elements to set forth a claim and removing conclusory allegations, the Court must accept all well-pled factual allegations as true and determine if they give rise to relief. *Id.* A complaint may be dismissed only where it appears that there are not "enough facts to state a claim that is plausible on its face," not merely because the defendant proffers some contrary facts. *Twombly*, 550 U.S. at 570.

IV.    Argument

A.    *This Court has already construed similar internal do not call allegations as those pled here as sufficient.*

Defendant apparently does not deny that the Plaintiff sent an email to the Defendant's employee asking to be placed on LendVia's internal Do Not Call list, which Defendant's employee confirmed, but then continued to receive calls from LendVia. Defendant instead incredulously claims that such actions do not constitute a violation of 47 C.F.R. § 64.1200(d)(3) because distinguishable authority supposedly stands for the proposition that the Plaintiff must also establish that he was called in the absence of proper procedural safeguards. Defendant both mis-cites to the applicable authority, which is nevertheless distinguishable.

Simply put, it stretches the boundaries of logic and common sense, as an initial matter, to think that a company would have proper policies and procedures in place for the maintenance of an internal do not call list when the Plaintiff alleges not only that he made an internal do not call list request, but made such a request in writing to Defendant's employee, was acknowledged by

the same, and got calls anyway. (Compl., ECF No. 1, ¶ 41, 42). Moreover, the message also stated that a live agent could not assist with opting out of receiving calls, as required by law. 47 C.F.R. § 64.1601(e); § 64.1601(b)(3). Plaintiff also alleges that such opt-out instructions were legally deficient. (Compl. ¶ 42, 44, 56). By definition, a company cannot have adequate policies and procedures in place for the maintenance of an internal do not call list *if the company's own processes do not comply with the law*, as plainly pled in the Complaint. Defendant's own violation of 47 C.F.R. § 64.1200(d)(3) ascertainable from the text of the Complaint.

Even if it is not explicitly pled in the Complaint, such facts give rise to the plausible inference that Defendant lacks adequate policies and procedures for the maintenance of an internal Do Not Call list. As such, nothing about Plaintiff's pleading in this regard is vague or constitute a threadbare recital of the elements of the cause of action. The Plaintiff has specified precisely what the Defendant did to violate 47 C.F.R. § 64.1200(d)(3): it failed to place the Plaintiff's number on its internal do not call list because he *continued to receive calls from the Defendant*.

The TCPA permits a consumer to revoke any purported consent to receive calls "at any time" and "through any reasonable means." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, 30 FCC Rcd 7961, 7993-99, paras. 55-70 (2015). As a result, a consumer "may revoke his or her consent in any reasonable manner that clearly expresses his or her desire not to receive further calls, and that the consumer is not limited to using only a revocation method that the caller has established as one that it will accept." *Id.* at 7998-99, para 70. One would hardly question that informing LendVia about this conduct of receiving unwanted calls and then receiving confirmation that its employee would place Mr. Newell on its internal Do Not

4

Call list is unquestionably sufficient. Defendant misconstrues the applicable regulation, 47

C.F.R. § 64.1200(d)(3), which can be violated either by (1) refusing to place a plaintiff's number

on an internal do-not-call list, or (2) calling a number, despite it being on an internal do-not-call

list. *See Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1184 (D. Utah 2021). There can be no

question that Mr. Parsons, LendVia's employee, confirmed that he would place Plaintiff's

number on LendVia's internal do not call list, but then LendVia called the Plaintiff anyway.

As this Court observed in *Shelton v. Pro Source Lending Grp. LLC*:

In addition to the NDNC, companies must also maintain an "Internal Do Not Call"
policy. 47 C.F.R. § 64.1200(d). This written policy must be available upon demand, must
explain the company's plans to maintain a do-not-call list and train telemarketing
personnel on its use, and must record and honor "do-not-call" requests for at least five
years after a request is made. *Id.* Where an individual makes a do-not-call request, that
request must be honored within a reasonable amount of time once made, up to thirty
days. *Id.*

Plaintiff alleges that in 2021, Plaintiff and Pro Source reached a settlement regarding a
previous batch of unwanted calls. Compl. ¶ 37. Plaintiff avers that throughout the
settlement process, Plaintiff made it unambiguously clear that he no longer wished to
receive calls from Pro Source, and that Defendant therefore had notice of Plaintiff's do-
not-call request for two and a half years prior to its July 2024 calls.

Defendant disregards the prior dispute between the parties, and identifies July 22, 2024 as
the relevant date, when Plaintiff first asked Defendant Wilson to cease contacting him
with regard to the present batch of calls. By that measure, the calls are not actionable,
because Pro Source would have been permitted thirty days within which to accommodate
that request.

At this stage, I am obligated to accept Plaintiff's representations about the content of
conversations surrounding the 2021 Settlement. Taking those allegations as true, Plaintiff
should have been on Pro Source's internal do-not-call list as of two and a half years ago.
Allegations that Defendants contacted Plaintiff while he was listed on their internal do-
not-call list are sufficient to state a claim for violation of Pro Source's obligations under §
64.1200(d).

No. CV 24-4394, 2025 WL 817485, at *6 (E.D. Pa. Mar. 14, 2025). This Court should reach the

same conclusion based on Judge McHugh's reasoning. Here, the Plaintiff has made the very

same allegation that Judge McHugh already held was sufficient: that the Plaintiff was on the Defendant's do not call list, as confirmed by the Defendant, but still received calls from the Defendant, despite being listed on the internal do not call list.

Even though the Plaintiff is not required to do so, the Plaintiff has demonstrated that the Defendant lacks sufficient policies and procedures, at the pleadings stage, to avoid placing calls to persons like Plaintiff who have asked not to receive them. In *Simmons v. Charter Commc'ns, Inc.*, for instance, at summary judgment, the Defendant adduced evidence showing that it effectuated the Plaintiff's internal do not call request, and the Court explicitly noted that, analogous to the circumstances here, that "[t]he existence of a single failure to record and honor an individual's request to be placed on a DNC list can be evidence of a failure to implement proper procedures." 222 F. Supp. 3d 121, 139 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017). The Plaintiff pleads nearly identical facts here at the pleadings stage to allow the Court to infer that the Defendant failed to "record and honor" the Plaintiff's do not call request because *the Plaintiff received calls after the Defendant acknowledged the request*.

Indeed, it is patently unreasonable for the Plaintiff to continue to receive calls after he rieved confirmation tney would stop, as confirmed by multiple courts. *See, e.g.*, *Lourie v. Papa John's Int'l, Inc.*, No. 1:23-CV-4320-MHC, 2024 WL 5497082, at *4 (N.D. Ga. June 25, 2024) ("[T]he Court must infer that Defendant could have immediately complied with the request prior to the transmittal of the two telemarketing text messages in the week following Lourie's request."); *Gill v. Align Tech. Inc.*, No. 21-CV-631-JPS-JPS, 2022 WL 1540016, at *4 (E.D. Wis. May 16, 2022) ("After four months, she unsubscribed from receiving such information, and promptly received a text message doing the exact opposite of what she requested. When she formally requested to be placed on a do-not-call list, she received a phone call. This escalation in

6

contact, seemingly in direct response to Plaintiff's requests to *stop* contact, plausibly indicates that Align violated the TCPA's regulations by failing to honor Plaintiff's do not-call requests within a reasonable amount of time."). Those same authorities also make clear that the allegations like those the Plaintiff here makes at the pleadings stage are similarly sufficient. *Id.*

The other cases cited by Defendant were similarly divided on summary judgment where the only evidence produced in support of the 64.1200(d)(3) claim were demonstrated to be fact-specific failures to comply with a do-not-call request. The Court's vacated decision on *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2023 WL 5941730, at *2 (E.D. Mich. Sept. 12, 2023), did not even address the issue but instead compelled the case to arbitration, and subsequently reversed its decision. *Opinion vacated on reconsideration*, No. 22-11863, 2023 WL 11944898 (E.D. Mich. Nov. 17, 2023). In *Nece*, the parties conducted "thirteen months of discovery (including several depositions of Quicken's corporate representatives)," and the plaintiff "uncovered no evidence that Quicken failed to implement a do-not-call procedure compliant with Section 64.1200(d)(3)." *Nece v. Quicken Loans, Inc.*, No. 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at *8 (M.D. Fla. Mar. 15, 2018). And *Buja*, the Court actually held that the proposed claim *would* survive a motion to dismiss and for summary judgment. *Buja v. Novation Cap., LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *5 (S.D. Fla. Mar. 31, 2017). As it relates to the claim asserted here, the *Buja* court noted as sufficient the allegations the defendants called persons who asked to be placed on the do-not-call list and that "Defendants did not have reasonable practices and procedures in place to effectively prevent telephone solicitations . . . as evidenced by its calls to Plaintiff who repeatedly requested Defendants stop calling." *Id.*

It bears repeating that the Plaintiff told the Defendant's employee directly that he did not want calls, and the Defendant's employee acknowledged the request but the Plaintiff continued

7

to get calls as recently as the day the complaint was filed. It is also notable that the prerecorded

calls Plaintiff received were not compliant in that they imposed an unreasonable standard on

recipients of the calls in prohibiting recipients from speaking to a representative in order to lodge

an internal do not call request. As such, it is eminently reasonable to infer that Defendant does

not have adequate policies and procedures in place for the maintenance of an internal do not call

list. Defendant's continuous calls to Plaintiff demonstrate that they do not have reasonable

procedures for honoring internal do not call requests. LendVia is liable for violating 47 C.F.R. §

64.1200(d)(3), just as alleged in the Complaint.

V.    CONCLUSION

For all of the foregoing reasons, Defendant's motion should be denied in its entirety, or in

the alternative, leave to amend granted as appropriate.


Dated: May 28, 2025

> /s/ Andrew Roman Perrong
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

May 28, 2025

<div style="margin-left: 40%;">

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

</div>

9