IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOUREY NEWELL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>LENDVIA, LLC<br><br>Defendant. | Case No. 25-1018-GJP<br><br>Electronically Filed |

**DEFENDANT LENDVIA LLC'S REPLY IN SUPPORT OF**
**ITS MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant LendVia, LLC ("LendVia") respectfully submits this Reply in Support of its Rule 12(b)(6) Motion to Dismiss Count III of Plaintiff Jourey Newell's ("Plaintiff") Complaint (the "Complaint" or "Compl."), ECF No. 1.

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

Plaintiff's Opposition fails to rescue Count III from dismissal. The core allegation—that LendVia lacked the internal procedures required under 47 C.F.R. § 64.1200(d)—rests entirely on Plaintiff's claim that he submitted a do-not-call request, received a casual "no problem" response from an employee, and received a handful of calls over the next two weeks. But even crediting that account, all alleged calls fall within the 30-day grace period recognized by this Court and others as a reasonable window for honoring such requests. Courts have repeatedly made clear that a short delay in implementation does not alone suggest the absence of compliant procedures. For these reasons, Count III should be dismissed in its entirety.

1

**II.     Plaintiff's Opposition Fails to Cure the Deficiencies in Alleging That LendVia Lacked the Required Safeguards Under § 64.1200(d)**

In his Opposition to Defendant's Motion to Dismiss, Plaintiff claims that because he submitted an internal do-not-call request, which an employee acknowledged and later received another call, the company must lack the procedures required under § 64.1200(d). See ECF No. 17, Opposition, at *3. But this argument is flawed. A single subsequent call does not prove the absence of proper procedures.

The regulation requires "[w]here an individual makes a do-not-call request, that request must be honored within a reasonable amount of time once made, up to thirty days." *Shelton v. Pro Source Lending Grp. LLC*, No. CV 24-4394, 2025 WL 817485, at *6 (E.D. Pa. Mar. 14, 2025). And so it follows that a reasonable time is permitted to implement an internal do-not-call request. But even accepting Plaintiff's version of events as true, the mere fact that he allegedly received calls after the request was acknowledged does not establish a violation. *See Crews v. Sun Sols. AZ LLC*, No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *6 (D. Ariz. June 10, 2024) ("Because those [calls] were [made] within a reasonable time (not to exceed 30 days) after Plaintiff made his do-not-call request, they are not actionable under the TCPA."); *Barr v. Macys.com, LLC*, 2023 WL 6393480, at *6 (S.D.N.Y. 2023) ("[Plaintiff] alleges Defendant contacted him … three days and one business day after his request. But the mere fact that he received a call after his request is not a subsection (d)(3) violation."); *Simmons v. Charter Comm's, Inc.*, 222 F. Supp. 3d 121, 140 (D. Conn. 2016) (no liability, even though plaintiff "received three additional calls" after making do-not-call request, because the defendant "honored Simmons' request within 30 days"). The regulation does not require immediate implementation, and a short delay in processing the request does not render the timing unreasonable or demonstrate noncompliance with § 64.1200(d).

In a broad and overreaching attempt to support his claims, Plaintiff cites *Shelton* to argue that merely requesting placement on a do-not-call list, receiving a casual "no problem" response,

2

and then subsequently – no more than eleven days thereafter – receives a call, somehow proves LendVia lacked the required safeguards. *See* Opposition, at *5;* Compl., at ¶¶ 41–44. It does not. In fact, *Shelton* supports LendVia—not Plaintiff. Just two and a half months ago, this Court recognized a 30-day grace period for honoring internal do-not-call requests, explicitly stating that defendant "would have been permitted thirty days within which to accommodate that request" if not for prior notice given "two and a half years" earlier. *Shelton*, 2025 WL 817485, at *6. Notably, the Court denied dismissal in *Shelton* not because of any short-term lapse, but because the defendant had over two years' notice before making the challenged calls. Here, Plaintiff's allegations—at most—suggest a brief lapse following an informal acknowledgment of his request.

Moreover, Plaintiff's reliance on *Gill* is inapposite. That case turned on a systemic defect not alleged here—the defendant's platform automatically placed calls immediately after a do-not-call request, effectively ignoring it. *See Gill v. Align Tech. Inc.*, No. 21-CV-631-JPS-JPS, 2022 WL 1540016, at *4 (E.D. Wis. May 16, 2022) (finding the defendant's "protocol does not honor a subscriber's do-not-call request because its internal protocol requires a phone call immediately after a person asks to be placed on a do-not-call list.") (citations and marking omitted). Plaintiff makes no such claim against LendVia. He allegedly received a few calls within the permissible 30-day period, which does not suggest a lack of compliant procedures or a pattern like in *Gill*.

And Plaintiff's reliance on *Lourie* is immaterial because while the court in *Lourie* declined to recognize the 30-day grace period for honoring do-not-call requests, this Court has explicitly acknowledged such a grace period. Because all calls Plaintiff received fell within that window, they are non-actionable under § 64.1200(d)(3). *Shelton*, at *6.

To be clear, LendVia proposes, as the Court did in *Simmons*, that "[u]ltimately, absent more evidence, the fact that [LendVia] might have failed to properly record and honor [Plaintiff]'s initial DNC request…[is not sufficient to determine] that it failed to implement proper procedures" as

3

Plaintiff would have this Court find. *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 140 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017). Courts have rightly held that mere receipt of calls after a do-not-call request, without more, does not establish the absence of proper policies—a principle clearly reflected in *Dahdah*. In that case, the plaintiff argued that continued calls after requesting to stop demonstrated inadequate safeguards. The court rejected this, holding that allegations of post-request calls alone do not prove systemic failure and dismissed the claims. Although *Dahdah* was later vacated on procedural grounds unrelated to its legal reasoning under § 64.1200(d)(3), its core holding remains instructive. *Dahdah v. Rocket Mortg., LLC*, 2023 WL 5941730, at *4 (E.D. Mich. Sept. 12, 2023), vacated on other grounds, 2023 WL 11944898 (E.D. Mich. Nov. 17, 2023), *reconsideration denied*, No. 22-11863, 2024 WL 4299564 (E.D. Mich. Sept. 26, 2024). This principle holds true regardless of whether the case is at the motion to dismiss stage, as in *Dahdah*, or at summary judgment, as in *Nece*—in either posture, "[a]n isolated failure to timely record a do-not-call request establishes no genuine dispute whether [LendVia] called [Plaintiff] before instituting a sufficient do-not-call policy." *Nece v. Quicken Loans, Inc.*, No. 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at *8 (M.D. Fla. Mar. 15, 2018).

To emphasize this principle, *Buja* held that "in order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider failed to record or honor an individual's request to be placed on a DNC list. Rather, the plaintiff must establish that the calls he or she received were initiated prior to the implementation of proper procedures." *Buja v. Novation Cap., LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *4 (S.D. Fla. Mar. 31, 2017). In *Buja*, the defendant made at least sixteen calls after the initial request and two more after a second—spanning over thirteen months, well beyond this Court's recognized 30-day grace period. *Id.*, at *1*. Although the court allowed the claim to proceed past the motion to dismiss stage, Plaintiff omits these crucial, distinguishing facts.

4

Similar to *Dahdah* and *Nece*, Plaintiff alleges he submitted a do-not-call request on February 13, 2025, and received several calls within a span of less than two weeks—well within this Court's recognized 30-day grace period. Even if the Court were to disregard that grace period, Plaintiff still fails to plausibly allege that LendVia's isolated incident reflects a broader failure to implement the procedures required before making such calls.

Finally, Plaintiff suggests that LendVia's procedures were not proper since "the message also stated that a live agent could not assist with opting out of receiving calls, as required by law," and cites to "47 C.F.R. § 64.1601(e)" and "§ 64.1601(b)(3)" which he had failed to mention in his Complaint. Opposition, at *4. Yet, Section 64.1601(b)(3) does not exist; Section 64.1601(b) is a single paragraph without subsections and concerns transmission of the Caller Party Number and privacy obligations, not opt-out procedures. And Section 64.1601(e) requires that the telephone number provided allow individuals to make a do-not-call request during business hours, but it does **not** mandate that a live agent must process the opt-out request.

Obviously, Plaintiff cannot inject new legal arguments and cite ghost regulations not pleaded in the Complaint. The random and inaccurate citations in Plaintiff's Opposition only highlight the weakness of his claims and underscore the insufficiency of the Complaint to support Claim 3.

### III.  CONCLUSION

For the foregoing reasons, LendVia respectfully requests this Court to grant its Motion to Dismiss, ECF No. 8.

[SIGNATURE TO FOLLOW]

Dated: June 4, 2025								TROUTMAN AMIN, LLP

                                                           By: /*s/ Jenniffer Cabrera*
                                                                Jenniffer Cabrera (*pro hac vice*)
                                                                Troutman Amin LLP
                                                               1825 NW Corporate Blvd - Suite 100
                                                               Boca Raton, Florida 33431
                                                               Tel.: 561-834-0883
                                                               jenniffer@troutmanamin.com
                                                              *Counsel for Defendant LendVia, LLC.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 4, 2025, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: June 4, 2025                      TROUTMAN AMIN, LLP

                                               By: /*s/ Jenniffer Cabrera*/
                                                     Jenniffer Cabrera (*pro hac vice*)
                                                     Troutman Amin LLP
                                                     1825 NW Corporate Blvd - Suite 100
                                                     Boca Raton, Florida 33431
                                                     Tel.: 561-834-0883
                                                     jenniffer@troutmanamin.com