IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOUREY NEWELL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>LENDVIA, LLC.<br><br>Defendant. | Case No. 25-1018-GJP<br><br>Electronically Filed |

**DEFENDANT LENDVIA LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

Defendant LendVia LLC ("LendVia") respectfully submits this Reply in Support of its Motion to Compel Arbitration, ECF No. 11, hereafter ("Mot."). LendVia respectfully moves this Court to compel Plaintiff's Jourey Newell ("Plaintiff") claims to arbitration and dismiss or stay this action (the "Motion").

**I.   INTRODUCTION**

Plaintiff's Opposition is little more than smoke and mirrors—an attempt to dodge a valid arbitration agreement with legally irrelevant arguments and unsupported denials. Simply denying that he visited the website or agreed to arbitrate isn't enough. Courts routinely enforce online arbitration agreements based on actions like submitting a form or checking a box, regardless of later claims to the contrary. The record here clearly shows that the arbitration terms were displayed prominently and conspicuously on the website, far from hidden or obscure, which meets the standard courts expect for online agreements. Furthermore, the arbitration provision contains a delegation clause, indicating that any questions regarding the applicability of the agreement are to

1

be determined by the arbitrator rather than this Court. Plaintiff's consent on https://upfinances.com/apply is all that is needed to compel arbitration. For these reasons, the Court should grant the motion to compel arbitration and stay or dismiss this case.

II.    **ARGUMENT**

**A. Plaintiff's Denial Does Not Undermine The Evidence Or Prevent Enforcement Of The Arbitration Agreement**.

Plaintiff attempts to avoid arbitration by claiming he never visited the website and therefore never provided consent to the Terms of Use. Opp. at 4. This claim fails both factually and as a matter of law. The record includes declarations confirming that Plaintiff did, in fact, visit the website, complete the online form, and affirmatively consent to the Terms of Use—which include a valid Arbitration Agreement. Plaintiff's after-the-fact denial does not negate this evidence, nor does it create a genuine dispute sufficient to block enforcement of the arbitration clause.

Even assuming there were a factual question about whether Plaintiff consented to arbitration (there is not), that question is for the arbitrator—not this Court—to decide. Mot. at 8. The Arbitration Agreement in the Terms of Use contains a clear delegation clause that assigns questions of arbitrability, including the existence, scope, and enforceability of the agreement, to the arbitrator. Under well-settled Supreme Court precedent, where a delegation provision exists, the court's role is limited to determining whether a valid agreement to delegate exists. See *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010). Because the delegation clause here is valid and enforceable, this Court's inquiry should end.

Moreover, Plaintiff's argument conflates two entirely separate types of consent—consent to receive telemarketing calls under the TCPA and consent to arbitrate disputes. At this stage, the question before the Court is not whether Plaintiff gave valid TCPA consent, but whether he agreed to arbitrate by accepting the Terms of Use on the website. He did. The language on the site clearly

states that by checking the box and clicking "Submit," Plaintiff granted express consent to the arbitration provision. This is a straightforward contractual agreement, and Plaintiff's attempt to sidestep it by raising TCPA consent technicalities is a red herring. Whether Plaintiff later disputes having visited the site or receiving calls does not negate the binding arbitration agreement he entered by clicking through the website's clear consent mechanism.

This is a binding agreement. Plaintiff agreed to arbitrate any disputes—including with LendVia—and he can't rewrite the contract now to avoid that.

**B. The Delegation Provision Clearly Encompasses Plaintiff's Claims Against LendVia.**

Plaintiff's attempt to avoid arbitration hinges on a selective and misleading reading of the Terms of Use. He argues the agreement applies only to "upfinances.com," but that's simply not what the contract says. Opp. 10. The Arbitration Agreement explicitly states it covers "any and all disputes or claims… between you and us (including any affiliates, officers, directors, employees, and agents), whether or not such dispute or claim involves a third party." Mot. at 3. That language is deliberately broad—and it plainly includes LendVia.

In reality, Plaintiff submitted his information through the website, consented to the terms, and now wants to disavow it all because he doesn't want to arbitrate. But the record shows otherwise. The site clearly discloses that by clicking submit, Plaintiff gave "express written consent for Better Debt Solutions and LendVia to contact me" using prerecorded messages and autodialing systems. Mot. at 2. There is no credible explanation for how LendVia obtained Plaintiff's personal information if not through that website—and his last-minute declaration denying it isn't just unconvincing, it defies common sense.

Moreover, the Arbitration Agreement's broad language—covering "any and all disputes or claims... whether or not such dispute or claim involves a third party"—clearly contemplates disputes involving parties like LendVia. Mot. at 3. Even if the Court were to reach the merits of

3

arbitrability (which it should not), Plaintiff's claims plainly fall within the scope of the Agreement. The Terms of Use mandate arbitration for all claims arising out of or related to the website or its services, which includes the allegations here. The Supreme Court has held that courts cannot decide arbitrability if delegated. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). Having shown the existence of the Agreement and clear delegation language, any remaining questions about scope or enforcement must be decided by the arbitrator.

### C. Plaintiff's Lack-of-Notice Argument Fails in Light of the Conspicuous Arbitration Disclosure on the Website.

Plaintiff's claim that the website fails to provide adequate notice of the arbitration clause is misleading and ignores the clear, conspicuous language prominently displayed on the Terms of Use page. While Plaintiff argues that the arbitration provision is buried among multiple links and buttons, a simple review of the Terms shows otherwise. Right at the top of the Terms page—without requiring any scrolling—bold, capitalized text reads:

> "PLEASE READ THIS SECTION CAREFULLY. THESE TERMS CONTAIN A BINDING ARBITRATION AGREEMENT AND A CLASS ACTION WAIVER. THESE PROVISIONS REQUIRE YOU TO ARBITRATE ANY DISPUTES OR CLAIMS YOU HAVE WITH US ON AN INDIVIDUAL BASIS. YOU WILL NOT BE ABLE TO PARTICIPATE IN A CLASS ACTION OR MULTI-ARBITRATION. YOU HAVE THE RIGHT TO OPT OUT OF THIS REQUIREMENT."

*(See* https://upfinances.com/apply (last visited June 4, 2025)). It is right there, front and center, as the third heading on the page. It's hard to imagine what more could be required to alert a reasonable consumer to the existence of an arbitration agreement. Plaintiff's attempt to downplay this notice as insufficient is simply an effort to mislead the Court and avoid a valid, enforceable arbitration commitment.

4

Accordingly, this matter should be stayed and Plaintiff should be compelled to arbitrate his claims before the American Arbitration Association on an individual basis. Dismissal is also appropriate, as there is nothing left for this Court to adjudicate once arbitration is compelled.

### III. CONCLUSION

For the foregoing reasons, LendVia respectfully requests that this Court compel Plaintiff's claims to arbitration.

Dated: June 4, 2025                           TROUTMAN AMIN, LLP

                                              By: /s/ *Jenniffer Cabrera*

                                              Jenniffer Cabrera (*pro hac vice*)
                                              Troutman Amin LLP
                                              1825 NW Corporate Blvd - Suite 100
                                              Boca Raton, Florida 33431
                                              Tel.: 561-834-0883
                                              jenniffer@troutmanamin.com
                                              *Counsel for Defendant LendVia, LLC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: June 4, 2025                    TROUTMAN AMIN, LLP

                                       By: /s/ *Jenniffer Cabrera*

                                       Jenniffer Cabrera (*pro hac vice*)
                                       Troutman Amin LLP
                                       1825 NW Corporate Blvd - Suite 100
                                       Boca Raton, Florida 33431
                                       Tel.: 561-834-0883
                                       jenniffer@troutmanamin.com