IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOUREY NEWELL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>LENDVIA, LLC<br><br>Defendant. | Case No. 25-1018-GJP<br><br>Electronically Filed |

**DEFENDANT LENDVIA LLC'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE AND STAY DISCOVERY**

Defendant LendVia LLC ("LendVia") respectfully submits this Reply in Support of its Motion to Stay Discovery, ECF No. 12, and its Motion to Bifurcate Discovery, ECF No. 13.

**I.   INTRODUCTION**

Plaintiff's Opposition to LendVia's Motions to Bifurcate and Stay Discovery, advances two weak arguments: (1) that a stay of discovery would prejudice him; and (2) that bifurcated discovery would be inefficient and prejudicial. *See generally* Plf.'s Opp., ECF No. 19. Both arguments fail.

Plaintiff will suffer **no** prejudice from a stay of discovery; in fact, it is LendVia who faces significant and undue prejudice for several reasons. First, LendVia has filed a Motion to Compel Arbitration, ECF No. 11, based on a valid, binding agreement governing Plaintiff's claims. If granted, the case will be removed from this Court's jurisdiction entirely. Proceeding with discovery while this threshold issue is pending undermines the efficiency the arbitration agreement was meant to secure and would force the parties into potentially duplicative litigation efforts that may

1

ultimately be rendered moot. Second, LendVia's Motion to Strike Class Allegations, ECF No. 10, argues that Plaintiff's claims are not certifiable as a matter of law due to individualized issues of consent, standing, and lack of commonality. If the Court agrees, the case would proceed—if at all—on an individual basis only, which would fundamentally alter the scope of discovery. Third, LendVia's Motion to Dismiss, ECF No. 8, proves that the Complaint falls short of stating a plausible claim under the Internal Do Not Call ("DNC") provision of the Telephone Consumer Protection Act ("TCPA") because Plaintiff has failed to plausibly allege facts demonstrating that LendVia made "telemarketing" calls without implementing the requisite safeguards as dictated by 47 C.F.R. 64.1200(d).

Given the possibility that Plaintiff may not be able to establish a viable individual claim, commencing with class-wide discovery prematurely creates a risk of unnecessary burden and cost—on both the parties and the Court. Bifurcation avoids this outcome entirely by focusing initially on Plaintiff's individual claim and protects LendVia from unnecessary and burdensome class discovery, particularly as Plaintiff's claim is destined to fail.

Accordingly, LendVia respectfully requests a stay or bifurcation of discovery in this matter given the current posture of the case.

II.     **ARGUMENT**

    **A.     A Limited Stay of Discovery Pending the Resolution of LendVia's Dispositive Motions is Appropriate and Will Not Prejudice Plaintiff.**

At the outset, Plaintiff claims that LendVia's Motion to Stay must be denied because its Motion to Dismiss, Motion to Strike Class Allegations, Motion to Compel Arbitration (hereafter, "Pending Motions") do not constitute good cause to justify a stay. Opp. at 2.

Contrary to Plaintiff's argument, the Third Circuit has upheld district court decisions to stay discovery pending the outcome of such motions. *See, e.g., Mann v. Brenner*, 375 F. App'x

232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile); *see also Weisman v. Mediq, Inc.*, No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (noting that where there is a pending motion to dismiss that "may result in a narrowing or outright elimination of discovery[,] the balance [of competing interests] generally favors granting a motion to stay.").

      Plaintiff's claim that he will be prejudiced by a brief stay of discovery is overblown. Opp. at 3. First, LendVia has had an ESI hold in place since the commencement of this litigation, eliminating any concern that evidence may be lost or destroyed. Second, Plaintiff's reliance on *Simon* to prove prejudice is misplaced. Opp. at 4. In *Simon*, the defendant sought a stay of the action pending new FCC rules that may alter the TCPA's definition of an autodialer. *Id.* at *2. Ultimately, this stay was denied **not** because the District generally dislikes staying proceedings, but because the defendant "ha[d] not made *any* showing—let alone a strong one—that any ruling by the FCC would likely exclude the device used by [defendant] to spam [plaintiff], so as to enable it to succeed on the merits." *Id.* at *7. The court also explained that the defendant "ha[d] not demonstrated irreparable injury; it note[d] only that it is potentially on the hook for substantial damages, given the putative nationwide class." *Id.* "Monetary damages," the court concluded, "do not by themselves constitute irreparable injury." *Id.*

      This case is entirely dissimilar to the one at bar. First, it is a Second Circuit case, so it is merely persuasive and not mandatory authority. Second, the case never indicates that the defendant had a litigation hold in place to preserve evidence, as LendVia does here. Third, the *Simon* defendant sought a stay of proceedings to wait for an anticipated FCC ruling, whereas LendVia does so pending resolution of its dispositive motions. And while the *Simon* defendant failed to

3

show that the FCC ruling would alter the outcome of its claims, LendVia has no such issue. As explained in LendVia's Motion to Compel Arbitration, ECF No. 11, Plaintiff entered a valid Arbitration Agreement and the Terms of Use clearly delegates questions of applicability and enforceability of the Arbitration Agreement to the arbitrator. As such, this Court's inquiry should end here.

This Court has exercised its discretion to stay discovery pending the resolution of a potentially dispositive motion and should do so here. LendVia's Pending Motions may dispose of or substantially narrow Plaintiff's claims and as such, are good cause to stay discovery pending resolution. *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) ("[A] stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.") (quoting *Weisman*, 1995 WL 273678, at *2).

Contrary to Plaintiff's contentions, LendVia will certainly be prejudiced if discovery proceeds in the ordinary course. Engaging in discovery before the pending dispositive motions are resolved risks wasting resources on matters that may be mooted entirely or significantly limited. For example, without knowing whether arbitration will apply, or whether class allegations will be struck, the parties cannot meaningfully tailor discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). Moreover, much of the anticipated discovery—particularly class-wide data and policies—would be wholly irrelevant if the action proceeds only on Plaintiff's individual claims or is compelled to arbitration.

As such, a stay of discovery is necessary.

**B.     Phasing Discovery in this Matter Would Promote Efficiency and Lessen the Prejudice Already Facing LendVia.**

Plaintiff claims that bifurcating discovery is "counterproductive." Opp. at 4. But even if that were the case—which it isn't—bifurcation is particularly appropriate here, where the threshold issue is whether the proposed classes are even certifiable.

Courts in this Circuit routinely endorse bifurcated discovery when it promotes efficiency and avoids unnecessary expense—especially where class certification is a threshold issue. *See Nazario v. Sharinn & Lipshie, P.C.*, No. 19-4604, 2020 U.S. Dist. LEXIS 5950, at *3 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency"); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, *6 (D.N.J. Feb. 4, 2014) ("[T]he Court finds that bifurcating discovery into two phases will promote the efficient resolution of this matter. It will allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with no significant prejudice to Plaintiff.").

As outlined in the underlying motion, if individual discovery is phased from class certification and class merits discovery, the parties can resolve the issue of Plaintiff's individual claim before inundating LendVia with class-related discovery. Indeed, if Plaintiff is found not to have standing, his putative class cannot hold. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 354 n.6 (2016) ("'That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976)) (internal quotations omitted). Bifurcation in this instance would protect LendVia from the *in terrorem*

5

nature of class action discovery and the consumers it serves from the invasion of their privacy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (discussing the pressure caused by discovery costs in class actions). Since Plaintiff's individual claims will likely fall, duplication of discovery is not a concern.

Without bifurcated discovery, LendVia will be forced to incur prohibitive litigation and discovery costs, to release wide-ranging private business records relating to Plaintiff's four putative classes, and to jeopardize the privacy of its consumers, all while threshold issues hang in the balance. These burdens remain even if Plaintiff's case is later held not to be viable. But sequencing discovery in this manner aligns directly with Rule 26(b)(1) ensuring that discovery proceeds efficiently and that more burdensome stages occur only *if* warranted. This Court should bifurcate discovery in this matter to protect LendVia from prejudice, undue burden, and invasion of privacy.

### III.   CONCLUSION

For the foregoing reasons, LendVia respectfully requests this Court to grant its Motion to Stay Discovery, ECF No. 12, and its Motion to Bifurcate Discovery. ECF No. 13.

Dated: June 4, 2025

                                        TROUTMAN AMIN, LLP

                                        */s/ Jenniffer Cabrera*
                                        Jenniffer Cabrera (FBN 1034545)
                                        1825 NW Corporate Blvd, Ste. 100
                                        Boca Raton, Florida 33431
                                        400 Spectrum Center Dr., Ste. 1550
                                        Irvine, California 92618
                                        Telephone: 561-834-0883
                                        jenniffer@troutmanamin.com
                                        *Counsel for Defendant LendVia LLC*

**CERTIFICATION**

I hereby certify that on June 4, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera