# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Journey Newell, *individually and on behalf of all persons and entities similarly situated*,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>LendVia LLC,<br><br>　　　　　*Defendant.* | CIVIL ACTION<br>NO. 25-1018 |

## ORDER

**AND NOW**, this 5th day of June 2025, upon consideration of Defendant's Motion to Compel Arbitration (ECF No. 11), Plaintiff's Response in Opposition (ECF No. 18), and Defendant's reply (ECF No. 23), it is **ORDERED** that:

1. The Motion is **DENIED without prejudice**.[1]

2. The parties shall conduct limited discovery concerning the validity and enforceability of the purported arbitration agreement, which shall be completed **on or before June 26, 2025**.

---

[1] LendVia contends that Newell must arbitrate his TCPA claims because he agreed to do so when he submitted information to an unspecified party through upfinances.com. (Mot. to Compel 2.) Newell responds primarily that he has never visited upfinances.com and therefore never entered into the alleged agreement. (Resp. in Opp. 3.) He also argues that LendVia cannot enforce purported agreement because it does not list LendVia as a party to it, and that the agreement is altogether unenforceable because it doesn't comply with the Federal E-Sign Act and because the web link containing the agreement was not sufficiently conspicuous. (*Id.* at 8, 15.) The parties have submitted declarations and other evidence in support of their positions, and neither relies on the Complaint itself, so the Court must resolve the Motion using the summary judgment standard, not the Rule 12(b)(6) standard. *See Cornelius v. CVS Pharmacy Inc.*, 133 F.4th 240, 248 (3d Cir. 2025). And, as Newell points out, the Court must give the parties the opportunity to obtain discovery before ruling on a motion using the summary judgment standard. *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 329–30 (3d Cir. 2022).

3. Defendant may file a new motion to compel arbitration **on or before July 10, 2025**.[2]

4. Plaintiff shall respond to the motion, if filed, **on or before July 24, 2025**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[2] If LendVia files a new motion, the issues addressed must include: (1) whether LendVia is a signatory to the purported agreement, (2) whether, if it's not a signatory, LendVia may nevertheless enforce the arbitration agreement against Newell, *see Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629–32 (2009); *White v. Sunoco, Inc.*, 870 F.3d 257, 262–68 (3d Cir. 2017); and (3) whether the delegation clause removes from the Court and gives to the arbitrator the issue of whether LendVia may enforce the arbitration agreement as a non-signatory, *compare, e.g., Rogers v. Tug Hill Operating*, LLC, 76 F.4th 279, 285–89 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 818 2024*); with, e.g., Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 355–56 (6th Cir. 2022). The bare contention that the "deliberately broad language" in the arbitration agreement "plainly includes LendVia," *see* (Reply Br. 3), will not suffice.